UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN AVERY, | No. 2:15-cv-0252-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER |
| UNITED STATES ATTORNEY GENERAL, et al., | |
| Defendants. | |

Steven Avery is a federal inmate proceeding without counsel. He has filed what he styles as a "motion for . . . stay, injunction, and restraining order." He has also filed a motion for discovery, a motion for judgment as a matter of law, an affidavit regarding racial segregation, a civil cover sheet, an application to proceed in forma pauperis, a document titled "amendments to above stated case," a second motion for judgment as a matter of law, and a second document purporting to "amend" earlier filed documents. ECF Nos. 1, 2, 3, 4, 8, 9, 19, 20, 21, 22. He has not, however, filed a complaint. Accordingly, he has not properly commenced a civil action.

A complaint is necessary for the commencement of a civil action. Fed. R. Civ. P. 3. A complaint must contain a short and plain statement of the plaintiff's claim, showing that he is entitled to relief. Fed. R. Civ. P. 8. It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a). Mr. Avery may draft his claims on the form complaint used by this court.

1

In addition, Mr. Avery has requested leave to proceed in forma pauperis but has not submitted a certified trust account statement. Section 1915(a)(2) requires "a prisoner seeking to bring a civil action without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." Mr. Avery may comply with this requirement by having prison officials complete the "Certificate" portion of the form application for leave to proceed in forma pauperis.

Lastly, the court notes that in his filings, Mr. Avery purports to be acting as "lead counsel" in a "class action." There is no indication that Mr. Avery is an attorney licensed to practice law and Mr. Avery may not proceed with this case as a class action. It is well-established that a layperson cannot ordinarily represent the interests of a class. *See McShane v. United States*, 366 F.2d 286 (9th Cir. 1966). This rule becomes nearly absolute when, as here, the putative class representative is incarcerated and proceeding pro se. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975). Mr. Avery cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure. *See Martin v. Middendorf*, 420 F. Supp. 779 (D.D.C. 1976).

Until Mr. Avery submits a complaint and either pays the filing fee or meets the requirements of 28 U.S.C. § 1915(a), there simply is no case before the court.

Accordingly, it hereby is ORDERED that:

1. The Clerk of the Court shall send to Mr. Avery the form complaint and application for leave to proceed in forma pauperis used in this court;

2. Within 30 days of the date of this order, Mr. Avery shall either pay the $400 filing fee or submit a complete application for leave to proceed in forma pauperis; and

/////

/////

/////

3. Within 30 days of the date of this order, Mr. Avery shall submit a complaint stating the nature of the action and his belief that he is entitled to redress. Failure to comply with this order may result in a recommendation of dismissal of the matter currently designated as case number 2:15-cv-0252-MCE-EFB P.

DATED: May 18, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE