UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN MAULDING,[1] | No. 2:15-cv-252-MCE-EFB P |
| Plaintiff, | |
| v. | ORDER GRANTING IFP, SEVERING PLAINTIFFS, DENYING MISCELLANEOUS MOTIONS, AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| UNITED STATES ATTORNEY GENERAL, et al., | |
| Defendants. | |

Pending before the court is plaintiff Nathan Maulding's civil rights complaint, purportedly brought along with four other plaintiffs, all of whom are or were incarcerated at the Herlong Federal Correctional Institution when this action was commenced. Before filing a complaint, Maulding and his purported co-plaintiffs filed numerous motions with the court. Plaintiff Maulding has also filed an application to proceed in forma pauperis.

**I.      Action Construed as Individual Suit Brought by Sole Plaintiff, Nathan Maulding**

Plaintiff Maulding lists four other inmates as plaintiffs on his complaint. ECF No. 31. Those four additional inmates may not be joined in this action, and instead, must proceed with their own separate lawsuits. Generally, "Rule 20(a) of the Federal Rules of Civil Procedure

---

[1] The Clerk of the Court shall update the case caption to reflect that Maulding is now the sole plaintiff in this action.

1

permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact. If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) (internal citations omitted); *see* Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.").

However, actions brought by multiple pro se prisoners present unique problems not confronted in ordinary civil litigation. For example, transfer of one or more plaintiffs to different institutions or release on parole, as well as the challenges to communication among plaintiffs presented by confinement, may cause delay and confusion. In addition, the interplay of the filing fee provisions in the Prison Litigation Reform Act of 1995 ("PLRA") suggests that prisoners may not bring multi-plaintiff actions, but rather must each proceed separately.

To proceed with a civil action, each plaintiff must pay the $400 filing fee required by 28 U.S.C. § 1914(a) or request leave to proceed in forma pauperis and submit the affidavit and trust account statement required by 28 U.S.C. § 1915(a). The PLRA expressly requires that a prisoner, where proceeding in forma pauperis, pay the full amount of the filing fee. 28 U.S.C. § 1915(b)(1). This provision reflected Congress's intent to reduce the volume of frivolous prisoner litigation in the federal courts. *Hubbard v. Haley*, 262 F.3d 1194, 1196-97 (11th Cir. 2001); 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Jon Kyl) ("Section 2 will require prisoners to pay a very small share of the large burden they place on the federal judicial system by paying a small filing fee on commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively."); *see also Oliver v. Keller*, 289 F.3d 623, 627-28 (9th Cir. 2002). In order not to undermine the PLRA's deterrent purpose, courts have agreed that prisoner-plaintiffs who proceed together in one action must each pay the full filing fee. *E.g., Boriboune v. Berge*, 391 F.3d 852, 855-56 (7th Cir. 2004); *Hubbard*, 262 F.3d at 1197-98. However, 28 U.S.C.

§ 1915(b)(3) provides that "in no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action." If multiple prisoners were permitted to proceed with a joint action, and each paid the full filing fee in accordance with § 1915(b)(1) and the apparent intent of Congress, the amount of fees collected would exceed the amount permitted by statute for commencement of the action, in violation of § 1915(b)(3).

To avoid the problems related to case-management and filing fees, permissive joinder of the other four inmates as plaintiffs in this action is denied. With the exception of plaintiff Nathan Maulding, all other plaintiffs are dropped from this action, but they may proceed with their claims in a new action. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 846 (3d Cir. 2006) (claims that are severed rather than dismissed may continue in a separate suit to avoid statute of limitations barrier that might arise in event of dismissal).

## II.     Request to Proceed In Forma Pauperis

Plaintiff Nathan Maulding has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## III.    Screening Order

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

The court has reviewed plaintiff's complaint pursuant to § 1915A and concludes that it must be dismissed with leave to amend for failure to state a claim upon which relief may be granted. Plaintiff complains generally of racial discrimination and segregation. As relief, he seeks 25.5 million dollars in damages and to have his sentence vacated. Although he does not

identify any claims for relief, it appears that he is attempting to state a claim for a violation of his right to equal protection under the Fourteenth Amendment. However, plaintiff's allegations are simply too vague and conclusory to state a claim for relief. He does not allege any facts showing that any particular defendant intentionally discriminated against him because of his race. He also fails to plead specific facts showing how any alleged discrimination has personally caused him harm. If plaintiff Maulding wishes to proceed with this action as an individual suit, he must file an amended complaint that links specific acts or omissions by specific defendants to a deprivation of his rights only.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), provides a remedy for violation of civil rights by federal actors. *Bivens* established that "compensable injury to a constitutionally protected interest [by federal officials alleged to have acted under color of federal law] could be vindicated by a suit for damages invoking the general federal question jurisdiction of the federal courts [pursuant to 28 U.S.C. § 1331]." *Butz v. Economou*, 438 U.S. 478, 486 (1978). "Actions under [42 U.S.C.] § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*." *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991).

"To state a § 1983 claim for violation of the Equal Protection Clause, a plaintiff must show that he was treated in a manner inconsistent with others similarly situated, and that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005) (internal quotations omitted).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

4

Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973).  Where success in a section 1983 action would implicitly question the validity of confinement or its duration, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.  Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements.

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).   It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* Local Rule 110.

### IV. Miscellaneous Motions

Plaintiff Maulding commenced this action with a motion for injunctive relief and a motion to compel. ECF Nos. 1, 2. He also filed a motion for default judgment. ECF No. 22. As discussed above, plaintiff's complaint will be dismissed with leave to amend. As there is no operative complaint, plaintiff has no likelihood of success on the merits of any claim, and there are no defendants against whom this court could enter an order. If plaintiff files an amended complaint that states a cognizable claim, the court will order the United States Marshal to serve the amended complaint upon the named defendant(s). *See Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Accordingly, the court will deny plaintiff's motions as premature.

There are also several motions pending that were neither filed nor signed by plaintiff Maulding. ECF Nos. 3, 20, 28, 30. Rule 11 of the Federal Rules of Civil Procedure requires that "[e]very pleading, written motion, and other paper . . . be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In addition, Local Rule 183(a) requires that any individual who is representing himself without an attorney must appear personally or by courtesy appearance by an attorney and may not delegate that duty to any other individual. E.D. Cal, L.R. 183(a). The pending motions that are not signed by plaintiff will therefore be disregarded.

/////

**V.     Summary of Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Permissive joinder of the named plaintiffs in this action is denied.  Excepting Nathan Maulding, all claims by all other plaintiffs – Steven Avery, Steven Ingrahm, Darin Martin and Nganatatafu Aholelei– are dismissed from this action without prejudice to proceeding with their claims in a new action.

2. Plaintiff Maulding's request to proceed in forma pauperis (ECF No. 32) is granted.

3. Plaintiff Maulding shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the Federal Bureau of Prisons filed concurrently herewith.

4. The complaint is dismissed with leave to amend within 30 days.  The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint."  Failure to comply with this order will result in dismissal of this action for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

5. Plaintiff's motions (ECF Nos. 1, 2, 22) are denied as premature.

6. The Clerk of the Court shall note on the docket that the filings at ECF Nos. 3, 20, 28, and 30 are disregarded.

Dated:  August 26, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE